## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                                     Case No. 12-14891
                                                           Hon. Gerald E. Rosen

Connolly North America, LLC,
                                                           Bankr. Case No. 01-57090
          Debtor.                                          Chapter 7
_____/                           Hon. Thomas J. Tucker

## OPINION AND ORDER AFFIRMING
## BANKRUPTCY COURT'S ORDER DENYING
## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____September 30, 2013_____

PRESENT:  Honorable Gerald E. Rosen
               Chief Judge, United States District Court

## I.  INTRODUCTION

In the course of the Chapter 7 bankruptcy proceedings involving Debtor Connolly

North America, LLC, three unsecured creditors — Appellants Mediofactoring and Coface

Argentina, as well as Curtiembre Arlei, S.A. — sought the removal of Chapter 7 trustee

Mark H. Shapiro.  The Bankruptcy Court granted the creditors' request in an October 15,

2009 order, and this Court affirmed the Bankruptcy Court's ruling.  *See Shapiro v.*

*French (In re Connolly North America , LLC),* No. 09-14179, 2010 WL 4822605 (E.D.

Mich. Nov. 22, 2010).  Following Mr. Shapiro's removal, the successor Chapter 7 trustee,

Bruce Comly French, commenced adversary proceedings against Mr. Shapiro, his law

firm, and his professional liability insurer, and the parties to the adversary proceedings

reached a settlement in February of 2012.  As the Bankruptcy Court has recognized, the efforts undertaken by the Appellant creditors to remove Mr. Shapiro as Chapter 7 trustee and to assist in the successor trustee's pursuit of claims against Mr. Shapiro and his firm "substantially benefitted the bankruptcy estate and the unsecured creditors, and contributed greatly to there being a significant increase [in] the amount of funds that the unsecured creditors will receive in this case."  *In re Connolly North America, LLC,* 479 B.R. 719, 722 (Bankr. E.D. Mich. 2012).

In light of this benefit to the bankruptcy estate, Appellants Mediofactoring and Coface Argentina filed an application for allowance of administrative expenses, requesting that the Bankruptcy Court allow them an administrative expense in the amount of $164,336.28 for the attorney fees and costs they had incurred in removing Mr. Shapiro as Chapter 7 trustee and assisting in the resolution of the bankruptcy estate's claims against Mr. Shapiro.[1]  The Bankruptcy Court denied this application on the ground that the Bankruptcy Code provision governing the allowance of administrative expenses, 11 U.S.C. § 503(b), does not authorize such reimbursement of a creditor's expenses in a Chapter 7 case.  *See Connolly North America,* 479 B.R. at 723-24.  Through the present appeal, the Appellant creditors now challenge this ruling, arguing that the Bankruptcy Court adopted an overly narrow interpretation of § 503(b).  The United States Trustee, Daniel M. McDermott, has filed a response in opposition to the Appellant creditors and in

---

[1]The third creditor that participated in the effort to remove Mr. Shapiro, Curtiembre Arlei, S.A., did not join in this application and is not a party to the present appeal.

support of the Bankruptcy Court's ruling.

Having reviewed the parties' briefs and the record on appeal, the Court finds that the relevant facts and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide this appeal "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court affirms the Bankruptcy Court's ruling.

## II. <u>ANALYSIS</u>

### A.    The Standards Governing This Appeal

The challenged Bankruptcy Court ruling rests purely on that court's interpretation of a Bankruptcy Code provision, § 503(b). Accordingly, this appeal presents a question of law that this Court reviews *de novo. See LPP Mortgage, Ltd. v. Brinley,* 547 F.3d 643, 647 (6th Cir. 2008).

### B.    The Bankruptcy Court Properly Construed § 503(b) as Authorizing Reimbursement of a Creditor for Its Substantial Contribution Only in Chapter 9 or 11 Cases, and Not in a Chapter 7 Case.

The Bankruptcy Code provision that governs allowance of administrative expenses expressly authorizes reimbursement of the expenses incurred by a creditor "in making a substantial contribution in a case ***under chapter 9 or 11*** of this title." 11 U.S.C. § 503(b)(3)(D) (emphasis added). As observed at the outset of the Bankruptcy Court's opinion, this case presents the question "whether the Court may allow an administrative expense for a creditor who has made a substantial contribution *in a Chapter 7 case,* under

3

the general authority to allow 'administrative expenses' contained in the opening clause of § 503(b)." *Connolly North America,* 479 B.R. at 720 (emphasis in original). The Bankruptcy Court "conclude[d] that the answer to this question is 'no,'" 479 B.R. at 720, and this Court agrees.

The Bankruptcy Court ably addressed this question, and this Court has little to add to the Bankruptcy Court's analysis. The interpretation of § 503(b) necessarily begins with the provision that, on its face, most directly addresses the claim for reimbursement made by the Appellant creditors here — *i.e.,* § 503(b)(3)(D), which explicitly allows a creditor that makes a "substantial contribution" to a bankruptcy proceeding to seek reimbursement of the expenses incurred in this effort. The problem faced by Appellants is that § 503(b)(3)(D), by its terms, may only be invoked by creditors in cases "under Chapter 9 or 11" of the Bankruptcy Code, and not by a creditor in a Chapter 7 case.

In an effort to overcome this statutory obstacle to recovery, Appellants point to the preamble language of § 503(b), which provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . , including . . . ," followed by nine categories of administrative expenses that a bankruptcy court may allow. As Appellants observe, the Bankruptcy Code elsewhere states as a rule of construction that the term "including" is "not limiting," 11 U.S.C. § 102(3), so it follows that the nine categories of administrative expenses identified as allowable under § 503(b) are not an exhaustive list of the types of claims that a bankruptcy court may approve. *See United States v. Flo-Lizer, Inc. (In re Flo-Lizer, Inc.),* 916 F.2d 363, 365 (6th Cir. 1990); *In re Zedda,* 169

4

B.R. 605, 608 (Bankr. E.D. La. 1994).  Accordingly, while Appellants concede that they cannot appeal to § 503(b)(3)(D) in this Chapter 7 case, they argue that their application rests on grounds similar to those recognized as permissible under the nine subsections of § 503(b).  As one court has reasoned in allowing payment of administrative expenses to counsel for a creditor in a Chapter 7 case, "the use of the term 'including' in Section 503(b) . . . indicates that the items enumerated in Section 503(b) are an illustrative listing of the types of administrative claims that will be permitted, not a limitation on what can be determined to be an administrative claim," so "it is not fatal that the mov[ants]' application does not fit squarely within the language of Section 503(b)(3) or (b)(4)." *Zedda,* 169 B.R. at 608.

This proposed reading of § 503(b), however, runs afoul of the "well established cannon of statutory interpretation" that "the specific governs the general."  *Radlax Gateway Hotel, LLC v. Amalgamated Bank,* 132 S. Ct. 2065, 2070-71 (2012) (internal quotation marks and citation omitted).  Indeed, in its recent decision in *Radlax Gateway Hotel,* the Supreme Court applied this rule of statutory construction to another provision of the Bankruptcy Code, 11 U.S.C. § 1129(b)(2)(A), explaining that the rule is especially apt where "Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific solutions."  132 S. Ct. at 2071 (internal quotation marks and citations omitted).  The Court further observed that this canon of construction has "full application" to statutes "in which a general authorization and a more limited, specific authorization exist side-by-side," because it "avoids not contradiction but the

5

superfluity of a specific provision that is swallowed by the general one, violating the cardinal rule that, if possible, effect shall be given to every clause and part of a statute." 132 S. Ct. at 2071 (internal quotation marks, alteration, and citation omitted).

The Supreme Court's reasoning applies with full force here.  First, the Bankruptcy Code as a whole certainly qualifies as a "comprehensive" enactment that "deliberately target[s] specific problems with specific solutions."  132 S. Ct. at 2071 (internal quotation marks and citations omitted).  The same can be said of § 503(b) itself, which features a fairly comprehensive listing of nine specific categories of allowable administrative expenses.  While this list is preceded by the non-limiting term "including," the nine detailed categories that follow surely do not leave much room for a court to supplement this list with types of allowable administrative expenses that Congress might be thought to have overlooked.

More importantly, Appellants' proposed reading of § 503(b) would pose precisely the problem of superfluity that the general/specific canon of construction is meant to avoid.  As the Bankruptcy Court explained, "[t]he presence of the provision in § 503(b)(3)(D), expressly allowing an administrative expense for a creditor who makes a substantial contribution in a Chapter 9 or Chapter 11 case, but not extending that to a Chapter 7 case, shows a Congressional intent *not* to extend administrative expense treatment to such a creditor in a Chapter 7 case."  *Connolly North America,* 479 B.R. at 723.  Thus, to award administrative expenses to the Appellant creditors for their "substantial contribution" in this Chapter 7 case would "effectively rewrit[e] §

6

503(b)(3)(D) to include Chapter [7]." 479 B.R. at 723 (internal quotation marks and

citation omitted).  The specific terms of § 503(b)(3)(D), with their limitation to Chapter 9

and 11 cases, would be swallowed by the more general (and essentially standardless)

language in the preamble of § 503(b), thereby rendering superfluous the language in §

503(b)(3)(D) that confines such a recovery only to creditors in Chapter 9 or 11 cases.  *See*

*In re Elder,* 321 B.R. 820, 829 (Bankr. E.D. Va. 2005) (emphasizing that "when a

subsection [of § 503(b)] directly addresses the type of administrative expense sought, the

restrictions in it cannot be avoided by appealing to the non-exclusive nature of § 503(b)");

*United States Trustee v. Farm Credit Bank of Omaha (In re Peterson),* 152 B.R. 612, 614

(D.S.D. 1993) ("[I]f a creditor who makes a substantial contribution in a Chapter 12

proceeding is entitled to compensation for its expenses under § 503(b), the phrase 'in a

case under Chapter 9 or 11 of this title' in subsection (3)(D) would be merely excess

verbiage." (footnote omitted)).

To be sure, the Appellant creditors have identified at least some cases in which the

courts have adopted their proposed reading of § 503(b) and allowed administrative

expenses for a creditor's substantial contribution in a Chapter 7 case.  *See In re Pappas,*

277 B.R. 171, 176 (Bankr. E.D.N.Y. 2002); *Zedda,* 169 B.R. at 607-08; *In re Rumpza,* 54

B.R. 107, 109 (Bankr. S.D. 1985).  Yet, "the majority of courts addressing the issue have

concluded that administrative expense priority *may not* be accorded to expenses incurred

by a creditor in making a 'substantial contribution' in a Chapter 7 case regardless of when

those expenses were incurred."  *In re Hackney,* 351 B.R. 179, 200-01 (Bankr. N.D. Ala.

7

2006) (citing cases and electing to follow this "majority view"). While none of the

decisions on either side of this issue is binding here, this Court, like the Bankruptcy

Court, finds that the better reading of § 503(b) is that allowance of a creditor's

administrative expenses is authorized only when the terms of § 503(b)(3)(D) are satisfied

— that is, when the creditor makes a "substantial contribution in a case under chapter 9 or

11" of the Bankruptcy Code.

      None of this is to deny that the Appellant creditors did, in fact, provide a

"substantial[] benefit[] [to] the bankruptcy estate and the unsecured creditors," as the

Bankruptcy Court recognized. *Connolly North America,* 479 B.R. at 722. Yet, the

Bankruptcy Court further observed that "even without the allowance of [their]

administrative claim," the Appellant creditors "stand[] to benefit substantially from the

contributions [they] made in this case," because they "hold[] roughly 50% of the amount

of the unsecured claims" and thus "will receive roughly 50% of the net increase in

distributions that are paid to unsecured creditors because of [their] work." 479 B.R. at

722. Thus, the efforts of the Appellant creditors will not go unrewarded. More

importantly, to the extent that Appellants maintain that it would serve the public interest

to allow their administrative expenses under the particular circumstances presented here,

as it would "encourage entities to alert a Trustee of the existence of assets that will benefit

a bankruptcy estate," (Appellants' Br. at 9 (internal quotation marks, alteration, and

citation omitted)), the Bankruptcy Court aptly explained that "[t]he authority to address

any inequities which may be present in the application of the plain meaning rule to §

8

503(b) is vested in Congress, not the courts." *Connolly North America,* 479 B.R. at 724

(internal quotation marks and citations omitted).

### III.  <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bankruptcy Court's

September 17, 2012 amended opinion and accompanying amended order denying the

application of creditors Coface Argentina and Mediofactoring for allowance of

administrative expense are AFFIRMED.

s/Gerald E. Rosen              
Chief Judge, United States District Court

Dated:  September 30, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on September 30, 2013, by electronic and/or ordinary mail.

s/Julie Owens              
Case Manager, (313) 234-5135
